CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 12/07/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

CHIAM ROTTENSTEIN, on behalf of himself and, others similarly situated,

        Plaintiff,

        Index No.

        SUMMONS

-against-

SELIP & STYLIANOU LLP., DISCOVER BANK, and PROGRESSIVE PROCESS SERVICE, INC.,

        Defendants,

-----------------------------------------------------------------

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is Plaintiff's address.

Dated:  December 7, 2018

Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
Attorney for Plaintiff
15 Landing Way
Bronx, New York 10464
Tel:(914)473-6783

To: Selip & Stylianou LLP
Defendant
199 Crossways Park Drive
Woodbury, NY 11797

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Discover Bank
502 E. Market Street
Greenwood, DE 19950

Progressive Process Service
99 West Hawthorne Avenue, Ste. 418
Valley Stream, NY 11580

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

SUPREME COURT OF THE STATE OF NEW YORK
ROCKLAND COUNTY
-----------------------------------------------------------------X

CHIAM ROTTENSTEIN, on behalf of himself            Index No.:
and others similarly situated,

                Plaintiff,

      -against-                                    **CLASS ACTION COMPLAINT**

                Defendant(s).

SELIP & STYLIANOU LLP,
DISCOVER BANK and
PROGRESSIVE PROCESS SERVICE, INC.

-----------------------------------------------------------------X

      Plaintiff CHIAM ROTTENSTEIN ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendants SELIP & STYLIANOU LLP, DISCOVER BANK and PROGRESSIVE PROCESS SERVICE, INC (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff CHIAM ROTTENSTIN is a resident of the State of NEW YORK, residing at 237 SADDLE RIVER ROAD, AIRMONT, NY 10952.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

3. Defendant SELIP & STYLIANOU, LLP IS A corporation with an address at PO BOX 9004, WOODBURY, NY 11797.

4. Defendant DISCOVER BANK is a DELAWARE corporation with a corporate headquarters address located at 502 E MARKET STREET, GREENWOOD, DE 19950.

5. Defendant PROGRESSIVE PROCESS SERVICE INC is a NEW YORK corporation with an address at PO BOX 85 VALLEY STREAM, NY 11582.

6. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

7. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Civil Practice Law and Rules 901, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendants which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of C.P.L.R. 901 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendants, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendants violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendants' conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 12/07/2018

Case 7:19-cv-00756-CS   Document 1-1   Filed 01/25/19   Page 6 of 19

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendants' breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants' conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

20. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. During collection efforts initiated by Defendant SELIP & STYLIANOU, LLP, Progressive Process Service, Inc. was hired to serve a Summons and Complaint upon Plaintiff.

23. PROGRESSIVE PROCESS SERVICE, INC filed with the Supreme Court State of New York, Rockland County the aforementioned pleadings which included an Affidavit of Service

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

where an individual named "Patricia White " swore that she had served said pleadings upon the Plaintiff by handing a copy of the summons to a white male between the ages of 16-18 with brown hair approximately 5'4' to 5'8' and between 121-140 pounds. There is no such person matching that description residing in the household. The Plaintiffs oldest child is only 11 years of age.

24. Since the Plaintiff never received a copy of the summons he did not respond to the Court in the allotted time frame given and was unaware of any action against him, which resulted unfairly in a default judgment being entered against him.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. 15 USC §1692 e – preface prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

27. Defendants violated 15 USC §1692 e – preface when they made false claims of proper service of process for the purpose of obtaining, under false pretenses, a default judgment in the Supreme Court State of New York, Rockland County. Defendants claimed to complete service of process upon Plaintiff at his place of residence at 237 Saddle River Rd., Airmont, NY 10952. Defendants have together instituted a policy of negligently and deceitfully failing to confirm the veracity of consumer information in their haste to pursue debt collection from the maximum number of consumers possible and thereby implement deceitful means and methods to obtain default judgments from consumers without their knowledge.

28. 15 USC §1692 f –preface prohibits a debt collector from using any unfair or

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

unconscionable actions in connection with the collection of a debt.

29. The Defendants violated 15 USC §1692 f – preface by unfairly and unconscionably using lies and reprehensible and malicious means and methods to deceive the Court into granting default judgments, which allows the Defendants to damage Plaintiff and other debtors and consumers.

## SECOND CAUSE OF ACTION
*(Intentional Abuse of Service of Process)*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. Abuse of process is improper use of a civil or criminal legal procedure for an unintended, malicious, or perverse reason. It is the malicious and deliberate misuse of regularly issued civil or criminal court process that is not justified by the underlying legal action. Abuse of process includes litigating actions in bad faith intended to delay the delivery of justice. Examples include serving legal papers on persons which have not actually been filed and, as in the instant case, falsely claiming service has been accomplished when it has not.

In 2010, in response to proven abuse by debt collectors to engage in "sewer service," the City Council of New York passed Local Law 7, requiring process servers to keep detailed records of where they serve papers and to use GPS tracking to confirm they appeared where they said they appeared. The GPS records are held by third-party companies. Since that law was passed, the number of registered process servers in New York has been cut in half, from over 2,000 to just over 1,000. Aware of this, Defendants chose not to use a registered process service, but instead ordered agents and/or employees to sign falsified affidavits of service. A false,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

8 of 19

fraudulent, or perjurious declaration of service of process misuses "the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." *Meadows v. Bakersfield Savings & Loan Assoc.*, (1967) 250 Cal. App.2d 749, 753, 59 Cal. Rptr. 34, 37. Because the process server acts with the imprimatur of the court, his misconduct cannot be tolerated. "To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a willful act in a wrongful manner." (*Coleman v. Gulf Insurance Group* (1986) 41 Cal.3d 782, 792 [226 Cal.Rptr. 90, 718 P.2d 77], internal citations omitted.)

### (1) Ulterior Motive

32.     Defendants deliberately and intentionally filed with the Clerk of the Supreme Court of the State of New York, Rockland County, an Affidavit of Service containing specious and fictitious claims, specifically that service of process was made upon Plaintiff when it was not and for the ulterior motive by Defendants for the purpose of debt collection.

### (2) Commission of Willful Act in a Wrongful Manner

33.     Defendants willfully and intentionally used dishonest means and methods to accomplish debt collection objectives, wrongfully deceiving the Court into granting a default judgment against Plaintiff and others. Defendants knew that service of process was not accomplished, and that Plaintiff had no knowledge of Defendant's summons and complaint and yet wrongfully and deceitfully filed a bogus affidavit of service. Defendants' unscrupulous means and methods of falsifying service of process are part of a strategy which depends upon deliberately concealing Defendants' intentions from their targeted prey such as Plaintiff which,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

9 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 12/07/2018

Case 7:19-cv-00756-CS   Document 1-1   Filed 01/25/19   Page 10 of 19

were they actually and truthfully served process, would be revealed, thereby preventing consumers and Plaintiff from learning of Defendants' actions and having their day in Court to their detriment until it is too late. Defendants have thus used the process in a perverted manner to obtain a collateral objective (<u>Board of Educ. v Farmingdale Classroom Teachers Assn</u>., 38 NY2d 397 [1975]).

34. Pursuant to <u>Barquis v. Merchants Collection Assn</u>., (1972) 7 Cal.3d 94, 104 [101 Cal.Rptr. 745, 496 P.2d 817], where a collection agency intentionally filed actions in improper counties in order to impair the purported debtors' ability to litigate the dispute and to coerce easy settlements and the Court concluded: "Plaintiffs have sufficiently alleged facts which, if true, demonstrate that the agency has in the past been continually committing a gross "abuse of process" and that the agency threatens to continue this unlawful, tortious conduct in the future." Similarly, Defendants continue to conduct such abuse and can be expected to continue to do so in future.

35. As a result of Defendants' wrongful and dishonest actions to compel payment of a debt, Defendants are liable to Plaintiff for damages sustained because of Defendants' failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA), and other violations of the FDCPA and for malicious and abusive service of process.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10 of 19

## THIRD CAUSE OF ACTION against ALL DEFENDANTS

### *(Violations of NY General Business Law § 349)*

### COUNT I

*(Deceptive Trade Practices)*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. Plaintiff is a consumer as that term is defined in New York, General Business Law section 349 (NY GBL Sec. 349).

38. The described acts and practices involved "trade or commerce" as such terms are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

39. An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

40. Defendants made false representations to Plaintiff, including, but not limited to, their intention and decision to file a lawsuit against Plaintiff through the proper means of service of process and notification of same.

41. The false information given by Defendants constitute false and misleading actions which were vexatious, wanton, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer and amounts to unfair and deceptive trade practices in violation of NY GBL Sec. 349.

42. Defendants' actions and conduct would be offensive to persons of ordinary

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

sensibilities.

43. Defendants' actions and conduct were not privileged, were deceptive, intent on obtaining a default judgment against Plaintiff.

44. Each verbal and written statement of Defendants stating that Plaintiff was served process and was apprised of Defendants' actions and was knowingly in default is an unfair, deceptive and separate violation of NY GBL Sec. 349 a).

45. Each attempt by Defendants to characterize Plaintiff as apprised of a lawsuit against him is an unfair, deceptive and separate violation of NY GBL Sec. 349 a).

46. Defendants' described acts and practices offend established public policy and/or are unprofessional, careless, unethical, oppressive, unscrupulous and/or substantially injurious to consumers and are therefore unfair in violation of NY GBL Sec. 349.

47. Defendants' described acts and practices involved material representations, omissions or practices that misled and deceived Plaintiff and have been shown to have mislead other consumers acting reasonably under the circumstances and were therefore deceptive and in violation of NY GBL Sec. 349 a).

48. Pursuant to NY GBL Sec. 349, Plaintiff is a consumer who is injured by unfair and deceptive trade business practices and is entitled for each unfair and deceptive trade business practice to be awarded a sum of not less than $1,000.00 or threefold any damages, and reasonable attorneys' fees together with costs of this action.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 12/07/2018

Case 7:19-cv-00756-CS   Document 1-1   Filed 01/25/19   Page 13 of 19

## COUNT II

### (Bad Faith)

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. Defendants owed Plaintiff a fiduciary duty to deal with him in good faith and in a fair manner.

51. Defendants failed to deal with Plaintiff in good faith and in a fair manner by failing to serve him properly, which would have informed the Plaintiff of the fact that Defendants had filed a lawsuit against him and that a default Judgment had been granted.

52. As a result of Defendants' actions and conduct, Plaintiff has suffered various injuries and damages in such amounts as shall be determined at the time of trial.

## COUNT III

### (Misrepresentation)

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. Defendants have continuously and intentionally misrepresented the full nature of their agency and/or collection efforts omitting material facts and making numerous false representations to Plaintiff for the obvious purpose of concealing from Plaintiff their intention to obtain a default judgment against him.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

13 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

Case 7:19-cv-00756-CS   Document 1-1   Filed 01/25/19   Page 14 of 19

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 12/07/2018

55. Defendants knew or should have known that their misrepresentations were false, misleading, vexatious, willful, wanton and malicious and that Plaintiff would be unaware of Defendant's actions to his detriment.

56. Plaintiff asserts his claim for punitive damages for willful, wanton, vexatious and malicious misrepresentations in such amounts as will be proven at trial.

## COUNT IV

### (Defamation)

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. Defendants negligently and/or recklessly and/or intentionally published or caused to be published slanted and defamatory statements about Plaintiff and Plaintiff's credit to third-parties and/or others, thereby placing his ability to seek and find credit in jeopardy.

59. The actions by Defendants lacked any justification or privilege and was an abuse of legitimate legal means to improperly litigate while knowing that the Plaintiff was not cognizant of such actions.

60. As a direct and proximate result of the defamation by Defendants, Plaintiff has suffered consequential, special and general damages in such amounts as shall be proven at trial along with further claims for punitive damages for wrongful acts.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

14 of 19

## COUNT V

### *(Negligent Infliction of Emotional Distress)*

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "60" herein with the same force and effect as if the same were set forth at length herein.

62. Defendants owed Plaintiff a duty to avoid negligently inflicting severe mental and emotional distress upon Plaintiff which continues currently.

63. Defendants caused Plaintiff to suffer severe mental and emotional distress, by placing him in a position of having a default judgment entered against him.

64. As a direct and proximate result of the wrongful actions and/or omissions of Defendants, Plaintiff suffered humiliation, embarrassment, severe anxiety, pain and mental anguish, all to his damage.

65. As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands consequential, special and general damages in such amounts as shall be proven at trial.

## COUNT VI

### *(Intentional Infliction of Emotional Distress)*

66. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "65" herein with the same force and effect as if the same were set forth at length herein.

67. Defendants had a duty to avoid intentionally inflicting severe and emotional distress

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

15 of 19

upon Plaintiff.

68. Defendants breached their duties by causing Plaintiff to suffer extreme and egregious mental and emotional distress, by intentionally and/or recklessly, willfully, and maliciously misleading him regarding his rights to be aware of Defendants' proposed legal actions against him and other wrongful and misleading acts with full knowledge of the extreme and severe damage to his health and wellbeing which Defendants were causing Plaintiff.

69. As a direct and proximate result of the intentional wrongful actions and conduct and/or omissions of Defendants as alleged above, Plaintiff's health and wellbeing were damaged, causing Plaintiff severe pain and mental anguish, all to his damage.

70. As a direct and proximate result of the intentional, willful, wanton and malicious acts and conduct to and against Plaintiff, Defendants caused Plaintiff harm, including the infliction of emotional distress and pain, mental anguish and anxiety, and Plaintiff demands consequential, special, general and punitive damages in such amounts as will be proven at trial.

## COUNT VII

*(Tort of Outrage)*

71. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "70" herein with the same force and effect as if the same were set forth at length herein.

72. Being that Plaintiff is a person and a consumer who is entitled to good faith and fair dealing, who due to the malicious, willful and wanton acts and conduct of Defendants which was extreme and outrageous, Plaintiff was caused severe emotional distress, mental anguish and anxiety

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 12/07/2018

Case 7:19-cv-00756-CS   Document 1-1   Filed 01/25/19   Page 17 of 19

by Defendants' wrongfully and falsely deceiving him into defaulting and manufacturing false records to represent that he was served process and wrongfully placing his credit rating and personal capacity in jeopardy.

73. As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands special, general and punitive damages in such amounts as shall be proven at trial.

## COUNT VIII

### *(Unconscionability)*

74. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "73" herein with the same force and effect as if the same were set forth at length herein.

75. Defendants have engaged in unconscionable behavior and acts to the detriment of Plaintiff, including but not limited to failing to properly serve process upon Plaintiff in a timely manner and apprise him of their intentions to file a lawsuit against him and making false and misleading representations regarding Plaintiff's knowledge of Defendants' intentions.

76. As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands special, general and punitive damages in such amounts as shall be proven at trial.

77. As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

17 of 19

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $100,000.00;

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
November 28, 2018

Respectfully submitted,

By: _____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff CHIAM ROTTENSTEIN*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

18 of 19

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 12/07/2018

## AFFIRMATION

I, Chiam Rottenstein, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Chiam Rottenstein

__Chaim Rottenstein__ [Printed]

Plaintiff

Affirmed before me this 29th day of Nov. 2018

_____
Notary Public

MORDECHAI SCHWARZ
Notary Public-State of New York
Qualified in Orange County  Rockland
No. 01SC6162244
My Comm. Expires March 05, 19

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

19 of 19